

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| KENDRA MILLER,<br>        Plaintiff,<br>v.<br>CITY OF TULSA,<br>        Defendant, and<br>CHUCK JORDAN,<br>        Defendant. | No. CJ-2014-2239<br>(Civil relief more than $10,000:<br>DISCRIMINATION)<br><br>Filed: 06/10/2014<br><br>Judge: Chappelle, Carlos |

## Parties

CITY OF TULSA , Defendant
JORDAN, CHUCK , Defendant
MILLER, KENDRA , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DANIEL E(Bar # 19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | MILLER, KENDRA |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

Issue # 1.

Issue: DISCRIMINATION (DISCRIM)
Filed by: MILLER, KENDRA
Filed Date: 06/10/2014

| Party Name: | Disposition Information: |
|---|---|
| **Defendant:** CITY OF TULSA | Pending. |
| **Defendant:** JORDAN, CHUCK | Pending. |

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 06-10-2014 | TEXT | 1 | | 90316069 | Jun 10 2014 3:59:30:113PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 06-10-2014 | DISCRIM | - | | 90316071 | Jun 10 2014 3:59:30:493PM | Realized | $ 0.00 |

DISCRIMINATION

| | | | | | | |
|---|---|---|---|---|---|---|
| 06-10-2014 | DMFE<br>DISPUTE MEDIATION FEE($ 2.00) | - | 90316072 | Jun 10 2014 3:59:30:513PM | Realized | $ 2.00 |
| 06-10-2014 | PFE1<br>PETITION($ 163.00)<br>📄 *Document Available (#1025501288)* | - | 90316073 | Jun 10 2014 4:13:41:373PM | Realized | $ 163.00 |
| 06-10-2014 | PFE7<br>LAW LIBRARY FEE($ 6.00) | - | 90316074 | Jun 10 2014 3:59:30:513PM | Realized | $ 6.00 |
| 06-10-2014 | OCISR<br>OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | - | 90316075 | Jun 10 2014 3:59:30:513PM | Realized | $ 25.00 |
| 06-10-2014 | CCADMIN02<br>COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | - | 90316076 | Jun 10 2014 3:59:30:513PM | Realized | $ 0.20 |
| 06-10-2014 | OCJC<br>OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | - | 90316077 | Jun 10 2014 3:59:30:513PM | Realized | $ 2.00 |
| 06-10-2014 | OCASA<br>OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | - | 90316078 | Jun 10 2014 3:59:30:513PM | Realized | $ 5.00 |
| 06-10-2014 | CCADMIN04<br>COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | - | 90316079 | Jun 10 2014 3:59:30:513PM | Realized | $ 0.50 |
| 06-10-2014 | LTF<br>LENGTHY TRIAL FUND($ 10.00) | - | 90316080 | Jun 10 2014 3:59:30:713PM | Realized | $ 10.00 |
| 06-10-2014 | SMF<br>SUMMONS FEE (CLERKS FEE)-2($ 10.00) | - | 90316081 | Jun 10 2014 4:00:02:653PM | Realized | $ 10.00 |
| 06-10-2014 | SMIMA<br>SUMMONS ISSUED - MAILED BY ATTORNEY-2 | - | 90316082 | Jun 10 2014 4:00:20:963PM | Realized | $ 0.00 |
| 06-10-2014 | TEXT<br>OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CHAPPELLE, CARLOS TO THIS CASE. | - | 90316070 | Jun 10 2014 3:59:30:313PM | - | $ 0.00 |
| 06-10-2014 | ACCOUNT | - | 90316133 | Jun 10 2014 4:01:15:403PM | - | $ 0.00 |

RECEIPT # 2014-2868066 ON 06/10/2014.
PAYOR:SMOLEN SMOLEN TOTAL AMOUNT PAID: $223.70.
LINE ITEMS:
CJ-2014-2239: $173.00 ON AC01 CLERK FEES.
CJ-2014-2239: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2014-2239: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2014-2239: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2014-2239: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2014-2239: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2014-2239: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2014-2239: $10.00 ON AC81 LENGTHY TRIAL FUND.

| 06-20-2014 | S | - | CITY OF TULSA | 90443936 | Jun 20 2014 4:32:02:310PM | - | $ 0.00 |
|---|---|---|---|---|---|---|---|

PARTY HAS BEEN SUCCESSFULLY SERVED/SUMMMONS CERTIFIED MAIL TO CITY OF TULSA / ON 6-17-14 / SIGNED SORRELS

*Document Available (#1026258559)*

| 06-23-2014 | S | - | JORDAN, CHUCK | 90459402 | Jun 23 2014 3:52:55:460PM | - | $ 0.00 |
|---|---|---|---|---|---|---|---|

PARTY HAS BEEN SUCCESSFULLY SERVED. CHUCK JORDAN SERVED / PERS/CORP SERV / ON 6-23-14 BY PS

*Document Available (#1026059594)*

Report Generated by The Oklahoma Court Information System at July 10, 2014 11:48 AM

End of Transmission.

FILED
CITY OF TULSA
STATE OF OKLAHOMA

2014 JUN 17 AM 10 29

MICHAEL P. KIER
CITY CLERK

**IN THE DISTRICT COURT FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
FILED

JUN 10 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| KENDRA MILLER, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| vs. | ) | |
| | ) | |
| CITY OF TULSA and | ) | CJ-2014  02239 |
| CHUCK JORDAN, individually and in his | ) | |
| official capacity as Chief of Police, | ) | CARLOS J. CHAPPELLE |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW Plaintiff, Kendra Miller, by and through her attorney of record, Daniel E. Smolen of Smolen, Smolen & Roytman, PLLC, and brings this action against Defendants, City of Tulsa and Chuck Jordan, for their violations of Plaintiff's constitutionally protected rights arising out of her employment and termination by said Defendants.

## PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), and the Fourteenth Amendment to the United States Constitution as enforced by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

2.     Defendant City of Tulsa ("City") is a municipality incorporated under the laws of the State of Oklahoma and is located in Tulsa County in the State of Oklahoma. The City regularly employs more than twenty (20) employees. The City is authorized, pursuant to Oklahoma statutory law and the charter of the City of Tulsa, to establish, maintain and

1

supervise the operations of the Tulsa Police Department ("TPD"). 11 O.S. § 22-101. The policies, procedures, customs, orders, and actions which are alleged herein were promulgated, implemented, ratified or otherwise sanctioned under color of law by the City and therefore constitute acts of the State within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3.      Defendant Charles W. "Chuck" Jordan is the Chief of Police for the TPD. At relevant times, he was an agent, servant, and/or employee of the City, acting under the color of state law. As the Chief of Police, he is responsible for creating, adopting, approving, ratifying, and enforcing the rules, regulations, policies, practices, procedures, and/or customs of the TPD, including the policies, practices, and/or customs that violated Plaintiff's constitutional rights as set forth in this Petition. Defendant Jordan is sued individual and in his official capacity as the Chief of Police.

4.      Plaintiff, Kendra Miller, a female and resident of the State of Oklahoma, filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based upon her gender. Plaintiff received a Notice of Right to Sue and the original Complaint was filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

5.      Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6.      Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7.      Punitive damages are sought pursuant to 42 U.S.C. § 1981-A.

8.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

9.      This action lies properly in Tulsa County, Oklahoma as the unlawful employment practices complained of herein occurred within the Oklahoma and because Defendant is a corporation conducting regular business in Tulsa County, Oklahoma.

## FACTS COMMON TO ALL CLAIMS

10.     The preceding paragraphs are incorporated herein by reference.

11.     Plaintiff worked for Defendants from May 2, 2004 until she was discharged in 2009.

12.     At the time of her discharge from employment Plaintiff was a Police Officer under the supervision of Sergeant Brian Hill.

13.     Plaintiff was wrongfully terminated in 2009.

14.     Pursuant to her employment contract the Plaintiff participated in arbitration with the City of Tulsa.

15.     The arbitrator ruled in Plaintiff's favor and ordered the City of Tulsa to reinstate the Plaintiff.

16.     Despite its obligation to comply with the arbitrator's order, the Defendants refused to reinstate the Plaintiff. This refusal to reinstate is ongoing.

17.     An attorney representing the City, James Connor, informed Plaintiff that the arbitrator's ruling was allegedly outside of the scope of the contract between the City of Tulsa and the Fraternal Order of the Police.

18.     However, Plaintiff is aware of numerous male police officers who were in fact reinstated by the City after the arbitrator ordered reinstatement. Specifically, Plaintiff is aware that Robert Roseboro and Buddy Visser were terminated from the City. Both males

3

then went through arbitration with the City and were ordered reinstated. The City complied with the arbitrator's ruling and reinstated Mr. Roseboro and Mr. Visser.

19.     Plaintiff is also aware of male police officers who were disciplined through suspension or demotion for policy violations but received favorable orders from arbitration with which the City complied.

20.     Specifically, Darrin Filak, was demoted for a policy violation. After arbitration, the arbitrator ordered reinstatement to his former position and the City complied.

21.     Paul Fields, Timothy Means, and John McDowell were suspended for policy violations. The arbitrator ordered each of the suspensions be reduced and the City of Tulsa complied.

22.     Plaintiff believes that she was treated differently because of her gender. Specifically, the City consistently complied with the arbitrator's orders when it pertained to male police officer but refused to comply in the case of Plaintiff, a female officer.

## FIRST CLAIM FOR RELIEF
### Disparate Treatment on the Basis of Gender in Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000(e), *et. seq.*

23.     The preceding paragraphs are incorporated herein by reference.

24.     The foregoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), *et. seq.*

25.     Plaintiff experienced disparate treatment compared to her similarly situated male coworkers with regard to termination, arbitration and reinstatement in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), et. seq.

26.     Defendants' discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

27.     Defendants committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff.  Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

28.     Upon information and belief, the Plaintiff being terminated from employment and the City's continuous failure to reinstate her despite the arbitrator's order were motivated in substantial part by the Plaintiff's gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

WHEREFORE, Plaintiff pray for judgment against Defendants for:

  a. Back pay and lost benefits; front pay until normal retirement
  b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
  c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
  d. Her attorney fees and the costs and expenses of this action;
  e. Injunctive Relief; and
  f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
### Equal Protection Violation

29.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs created, adopted, and enforced under color of state law, Defendants deprived Plaintiff of the equal protection of the laws guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

30.     Plaintiff is a member of a protected class because she is a female.

31.    Plaintiff suffered an adverse employment action when she was wrongfully terminated and again when Defendants continuously refused to reinstate her despite the arbitrator's order to do so.

32.    Similarly situated employees outside of the protected class were treated differently. Specifically, Defendants routinely followed the arbitrator's orders regarding male police officers.

33.    As a direct and proximate result of Defendants' gender discrimination against her in violation of Plaintiff's rights protected by the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of her fundamental constitutional rights, adverse employment consequences, humiliation and emotional pain and suffering entitling her to declaratory and injunctive relief (including punitive damages).

WHEREFORE, Plaintiff pray for judgment against Defendants for:

    a.   Back pay and lost benefits; front pay until normal retirement
    b.   Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c.   Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
    d.   Her attorney fees and the costs and expenses of this action;
    e.   Injunctive Relief; and
    f.   Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

34.    The preceding paragraphs are incorporated herein by reference.

35.    Defendants' actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

WHEREFORE, Plaintiff pray for judgment against Defendants for:

    a.   Back pay and lost benefits; front pay until normal retirement
    b.   Compensatory damages for her mental anguish, pain and suffering and

other non-pecuniary losses;

c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;

d.  Her attorney fees and the costs and expenses of this action;

e.  Injunctive Relief; and

f.  Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA No. 19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*